Slip Op. 13 - 11

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GOLD EAST PAPER (JIANGSU) CO., LTD., NINGBO ZHONGHUA PAPER CO., LTD., and GLOBAL PAPER SOLUTIONS, | |
| Plaintiffs, and | |
| BUREAU OF FAIR TRADE FOR IMPORTS & EXPORT, MINISTRY OF COMMERCE, PEOPLE'S REPUBLIC OF CHINA, | |
| Plaintiff-Intervenor | |
| v. | Before: R. Kenton Musgrave, Senior Judge |
| UNITED STATES, | Consol. Court No. 10-00371 |
| Defendant, and | |
| APPLETON COATED LLC, *et alia*, | |
| Defendant-Intervenors. | |

**OPINION AND ORDER**

[Granting motion for leave to amend 28 U.S.C. § 1581(c) pleading.]

  *Daniel L. Porter*, *James P. Durling*, *Matthew P. McCullough*, and *Ross Bidlingmaier*, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington DC, for the plaintiffs and plaintiff-intervenor.

  *Alexander V. Sverdlov*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington DC, for the defendant.

   *Terence P. Stewart* and *Wesley K. Caine*, Stewart and Stewart, of Washington DC, and *Gilbert B. Kaplan*, *Daniel L. Schneiderman*, and *Christopher T. Cloutier*, King & Spaulding LLP, of Washington DC, for the defendant-intervenors.

   Musgrave, Senior Judge:  In this consolidated matter challenging aspects of the antidumping methodology utilized in *Certain Coated Paper Suitable for High-Quality Print Graphics Using Sheet-Fed Presses from the People's Republic of China*[,]" 75 Fed. Reg. 59217 (Sep. 27, 2010) (final determination of sales at less than fair value), as administered by the U.S. Department of Commerce ("Commerce"), Plaintiffs now move for leave to amend their pleading a second time in order to clarify a claim that has been fully briefed, to wit: whether Commerce improperly double counted certain rebates used in the calculation of net United States price.

   Attached to the motion is a proposed Second Amended Complaint.  Facially, this pleading retains the wording of counts One, Two, Seven, and Eleven of Plaintiffs' first amended complaint, which were previously dismissed, *see* ECF No. 75, and re-assertion would be contrary to the adjudicated law of the case.  Defendant-Intervenors therefore oppose and also argue Plaintiffs provide "no good reason why [their] failure to make a timely allegation should now be excused at this late date" coincident with completion of briefing on their Rule 56.2 motion for judgment.

   Addressing those concerns in part, Plaintiffs clarify by letter dated January 10, 2013 that the "motion is not intended to revive counts previously dismissed by this Court."  They include with the letter a revised proposed Second Amended Complaint, to which has been added the following as to each of the four dismissed counts: "This count has been dismissed, pursuant to the Court's order dated June 25, 2012."  The letter also alleges their motion presents no prejudice to any

of the other parties. Defendant-Intervenors complain of none, and Defendant informs via email that it will not file a response in light of Plaintiffs' letter.

The purpose of the pleadings is provide notice that frames the issues for decision before the court. *See* USCIT R. 8; *see, e.g.*, *Beker Industries Corp. v. United States*, 7 CIT 199, 585 F. Supp. 663 (1984). They do not technically cover any new matter raised by briefing on motion. *See* USCIT R. 7. The mechanism for pleading amendment is addressed in Rule 15, which provides that leave to amend should be "freely" given when justice so requires. USCIT R. 15(a). Such leave is within the court's discretion. *See, e.g.*, *Fuwei Films (Shandong) Co. v. United States*, 35 CIT \_\_\_, \_\_\_, 791 F. Supp. 2d 1381, 1383 (2011); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (providing that absent dilatory motive, undue cause for delay, repeated failure to cure deficiencies by amendment, futility of amendment, or undue prejudice to the opposing party, freely given leave to amend is a "mandate . . . to be heeded").

It is questionable whether justice "so requires" the proposed amendment. *See* USCIT R. 15(b)(2). Plaintiffs allege the claim has been fully briefed; by express or implied consent, it is therefore *sub judice*; Rule 15(b)(2) does not require amendment to conform pleading to issues *sub judice*; there is no apparent penalty for failing to amend; and the court has an obligation "to secure the just, speedy, and *inexpensive* determination of every action." USCIT R. 1 (italics added). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957) (federal rules of civil procedure "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits"). Indeed, no formal answer must be pled in suits brought pursuant to 28 U.S.C. § 1581(c), *see* USCIT

R. 7(a)(2) & R. 12(a)(1)(A)(i), and therefore amending Plaintiffs' pleading for this matter, in order to "account" (if that is what would occur) for an issue purportedly fully briefed, would seem to amount to an unnecessary and purely technical papering of the record.

Be that as it may, Plaintiffs remain masters of their complaint, *e.g.*, *Neenah Foundry Co. v. United States*, 24 CIT 202 (2000), and authority on the subject caution that "careful counsel always will amend a pleading if the client will be advantaged by the record clearly showing what actually was litigated[.]" Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, and Richard L. Marcus, 6A *Fed. Prac. & Proc.* § 1493 (3d ed.). Here, although doubt remains on whether the proposed amendment would confer any clearer advantage on what would actually be litigated in view of the parties' commendable briefing to date, careful pleading is to be encouraged, and undue prejudice has not been alleged were the motion allowed.

Now, therefore, in view of the foregoing, and after due deliberation, it is

ORDERED that Plaintiffs' motion to amend be, and hereby is, GRANTED.

                                        /s/ R. Kenton Musgrave
                                        R. Kenton Musgrave, Senior Judge

Dated: January 24, 2013
      New York, New York